# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| WARKISSIE KEELEY HOLMES | ) | CASE: A18-57520-WLH |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to seventy-three (73) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

3.

The Trustee requests proof of the date the Debtor received her tax refund in March 2018 in the amount of $6,500.00 and an itemization of Debtor's use of the tax refund. If payments were made to creditors or if assets were purchased, the Trustee requests proper disclosure of those items on the Debtor's statements and schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

4.

The Trustee requests proof of self-employment income from April through July 2018 in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in the amount of $648.00 in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

6.

The Chapter 13 Trustee requests proof of the post-petition homeowner's association payments in the amount of $45.00 or monthly savings for the payment in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

7.

Schedule H fails to provide the address of the Co-Debtor, Nicholas Holmes on the debt owed to Lendmark Financial.

8.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

9.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, pursuant to Debtor, income was last $2,500.00 in December 2017 but has been less monthly since.

10.

The Debtor's Schedule J fails to accurately reflect the expenses for food as it is inconsistent with the amount of food stamps received, thereby rendering the proposed Chapter 13 plan payment to be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

11.

The Chapter 13 Schedules fail to include and notice a debt owed to the U.S. Department of Housing and Urban Development in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

12.

The Debtor's zero percent (0%) composition plan proposes to retain two vehicles with an approximate total debt of $30,942.00 for one driver, which may be excessive and/or unnecessary for the maintenance or support of Debtor or Debtor's dependents. 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

13.

The plan fails to treat U.S. Department of Housing and Urban Development, Chase Mortgage, The Shores Homeowner's Association Inc., Ford Motor Credit Company, LLC., Lendmark Financial Services and First Franklin Financial Corporation in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

14.

The Chapter 13 plan proposes to pay $5,200.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 22nd day of June, 2018.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No:  A18-57520-WLH

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
WARKISSIE KEELEY HOLMES
703 SHORE LANE
LITHONIA, GA  30058

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 22nd day of June, 2018.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303